Mr. Thomas J. Marshall Prosecuting Attorney Randolph County 107 North Fifth Street Moberly, Missouri 65270
Dear Mr. Marshall:
This opinion is in response to your question which primarily asks:
 "Does § 177.011 RSMo, prohibit a proposed sale of two of six elementary schools by the School Board of the Moberly Public School District #81, a six-director district, unless another site and building is provided for each of the two schools to be sold?"
You also ask additional questions in the event that the above question is answered in the negative. However, in view of our answer we direct ourselves only to the question stated.
Section 177.011, RSMo, provides:
 "The title of all schoolhouse sites and other school property is vested in the district in which the property is located. All property leased or rented for school purposes shall be wholly under the control of the school board during such time. No board shall lease or rent any building for school purposes while the district schoolhouse is unoccupied, and no schoolhouse or school site shall be abandoned or sold until another site and house are provided for the school district."
In addition, Section 177.091, RSMo Supp. 1975, provides:
 "1. The school board in each six-director district, as soon as sufficient funds are provided, shall establish an adequate number of elementary schools, and if the demands of the district require more than one elementary school building, the board shall divide the district into elementary school wards and fix the boundaries thereof. The board shall select and procure a site in each ward and erect and furnish a suitable school building thereon.
 "2. The board may also establish high schools and may select and procure sites and erect and furnish buildings therefor.
 "3. The board may acquire additional grounds when needed for school purposes.
 "4. If there is within the district any school property that is no longer required for the use of the district, the board, by an affirmative vote of a majority of the whole board, may authorize and direct the sale of the property. The sale, unless it is to a public institution of higher education, shall be to the highest bidder, and notice that the board is holding the property for sale shall be given by publication in a newspaper within the county in which all or a part of the district is located which has general circulation within the district, once a week for two consecutive weeks, the last publication to be at least seven days prior to the sale of the property; except that, school property may be sold to a city, state agency, municipal corporation, or other governmental subdivision of the state located within the boundaries of said district, for public uses and purposes, by the giving of public notice as herein provided and at such sum as may be agreed upon between the school district and the city, state agency, municipal corporation, or other governmental subdivision of the state. The deed of conveyance shall be executed by the president and attested by the secretary of the board. If the district has a seal, it shall be affixed to the deed. The proceeds derived from the sale shall be placed to the credit of the building fund of the district."
In the case of Corley v. Montgomery, 46 S.W.2d 283 (K.C.Mo.App. 1932), the court held in reference to Section 9269, RSMo 1929, which is now Section 177.011, at l.c. 288:
 ". . . So that section 9269, R.S.Mo. 1929, is not dealing with a mere ward school or schoolhouse, but is speaking of districts not so constituted and divided, and prevents the schoolhouse or site in that district from being abandoned or sold until `another' is provided for that district. The question in the case at bar is not whether a board has the power to abandon the only school established and maintained within a district but whether it has the power to discontinue holding school in what section 9330, R.S.Mo. 1929, calls a `school ward,' that being merely one of the small fractional parts of the school district which the board, in its discretionary power created and set up in the first instance. It would seem that what the board has power, in its discretion, to create, it would likewise have the discretionary power, in the absence of any statute specifically applicable forbidding it, to discontinue or do away with. The discretionary power to divide the school district into wards, and to use that discretion in regard to both number and size of said wards, would seem to impliedly negative the idea that, after having once made that division, the same must remain forever unchangeable, no matter what `the demands of the district require' nor how few of said wards, or ward schools, may constitute `an adequate number' for the district, which quoted expressions are used in said section 9330 giving the board the above mentioned discretionary power. . . ."
We conclude from the above holding that Section 177.011 does not prohibit the board of directors of a six-director school district from selling two of the six elementary schools operated by the board because four elementary schools will remain to which the students, who attended the schools to be closed, may be assigned.
CONCLUSION
It is the opinion of this office that Section 177.011, RSMo, which prohibits the sale of a schoolhouse or school site until another site and house are provided does not apply to a six-director school district which proposes to sell two of its six elementary schools.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General